NEALY A. CHAPIN ET AL.

v.

JOHN THOMPSON ET AL.

</div>

1. PLEADING—VARIANCE.—To an action upon a note, the defendants pleaded that the note in question was indorsed to the plaintiffs as collateral security for the sum of thirty dollars owing to them by the indorser, and for no other purpose, and that said thirty dollars had been fully paid, etc. The court instructed, that if the jury believe that the note in suit was indorsed to plaintiff as collateral security, for the sum of $444, due them by the husband of the indorser and his partner, they should find for the defendant. *Held*, that the instruction was erroneous and misleading, and not responsive to the issue made by the pleading.

2. BURDEN OF PROOF.—Under a plea that the note was indorsed to plaintiff as collateral security only, the plaintiff by introducing the note in evidence establishes a *prima facie* case, and the burden is upon the defendant to establish the truth of the plea.

3. CONFLICTING EVIDENCE—INSTRUCTIONS SHOULD BE ACCURATE.—Where the evidence upon a point is conflicting, it is essential that the jury should be properly instructed.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed December 4, 1880.

Chapin v. Thompson.

Messrs. KIRKPATRICK & HANNA, for appellants; that when a verdict is manifestly against the weight of evidence, a new trial should be granted, cited C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Henry v. Eddy, 34 Ill. 508; Roth v. Smith, 41 Ill. 314; Koester v. Esslinger, 44 Ill. 477; O. & M. R. R. Co. v. Schuler, 44 Ill. 460; Boudreau v. Boudreau, 45 Ill. 480; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Ray v. Bullock, 46 Ill. 64; Lockwood v. Onion, 48 Ill. 325; Dalton v. Clough, 50 Ill. 47; Booth v. Hynes, 54 Ill. 363; Peru v. French, 55 Ill. 317; Waggeman v. Lombard, 56 Ill. 42; Stenger v. Swartwout, 62 Ill. 257; Smith v. Slocum, 62 Ill. 354; Lincoln v. Stowell, 62 Ill. 84; Fox River Mfg. Co. v. Reeves, 68 Ill. 403; C. B. & Q. R. R. Co. v. Stumps, 69 Ill. 409; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; St. P. Ins. Co. v. Johnson, 77 Ill. 598; Chicago v. Lavalle, 83 Ill. 482; Belden v. Innis, 84 Ill. 78.

Instructions should be accurate: Volk v. Roche, 70 Ill. 297; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Am. Ins. Co. v. Crawford, 89 Ill. 62; O. O. & F. R. V. R. R. Co. v. McMath, 4 Bradwell, 356; Warren v. Wright, 3 Bradwell, 602; Frame v. Badger, 79 Ill. 441; Bauer v. Bell, 74 Ill. 223; Secor v. Pestana, 37 Ill. 525; Kendall v. Brown, 74 Ill. 232; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; Cushman v. Cogswell, 86 Ill. 62; Cohn v. Stewart, 41 Wis. 427; Hewitt v. Begole, 22 Mich. 31.

Instructions not applicable to controverted facts are erroneous: Holly v. Augustine, 2 Bradwell 108; Bradly v. Parks, 83 Ill. 169; King v. Haly, 86 Ill. 106; Frantz v. Rose, 89 Ill. 590; Hamilton v. Hunt, 14 Ill. 472.

Instructions should conform to the pleadings: Scott v. Lunt, 7 Pet. 596; C. W. D. Ry. Co. v. Hughes, 69 Ill. 170; Piatt v. The People, 29 Ill. 72; Von Glahn v. Von Glahn, 46 Ill. 134; Rockford Ins. Co. v. Nelson, 65 Ill. 415; Miller v. Balthasser, 78 Ill. 202; C. & A. R. R. Co. v. Mock, 72 Ill. 141; Sturgeon v. Hock, 43 Iowa 155; Seibert v. Bach, 36 Ill. 195; Seckel v. Scott, 66 Ill. 106; St. P. F. & M. Ins. Co. v. Johnson, 79 Ill. 598; Gale v. Rector, 5 Bradwell, 481.

Messrs. Stewart, Phelps & Grier, for appellees; that a verdict will not be set aside where the evidence is conflicting, even if against the weight of evidence, or if the court would have been better satisfied with a different result, cited Morgan v. Ryerson, 20 Ill. 343; Milliken v. Taylor, 53 Ill. 509; Chicago v. Garrison, 52 Ill. 516; Voltz v. Stephani, 46 Ill. 54; Bagley v. McClure, 46 Ill. 381; Baker v. Robinson, 49 Ill. 299; Chicago v. Smith, 48 Ill. 107; Crain v. Wright, 46 Ill. 107; McCarthy v. Mooney, 49 Ill. 247; Keith v. Fink, 47 Ill. 272; Hope Ins. Co. v. Lonergan, 48 Ill. 49; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; C. B. & Q. R. R. Co. v. Dickson, 63 Ill. 151.

Instructions will be construed together: Lawrence v. Hagerman, 56 Ill. 68; Town of Vinegar Hill v. Busson, 42 Ill. 45.

Instructions must be understood with reference to the case before the court: Martin v. The People, 13 Ill. 341; Green v. Lewis, 13 Ill. 642.

Lacey, P. J. Nealy A. Chapin, Edward R. Holton and Benjamin C. Davis, partners, by the style of Chapin, Holton & Davis, sued John and W. E. Thompson, in an action of assumpsit, April 22, 1879, the foundation of the action being a promissory note dated February 26th, A. D. 1878, given by the appellees, John Thompson and W. E. Thompson, to David Thompson, for the sum of one thousand dollars, with ten per cent. interest from date, due in one year from date, payable at the office of appellants.

The defense set up to the note was this: that the consideration of the note was for money loaned by Mrs. Samantha Thompson, wife of the payee of the note, to the appellees, the makers of the note; that in consideration of the fact that the money was that of Mrs. Thompson, David Thompson indorsed the note to her. That at the time of the indorsement of the note to appellants, Mrs. Thompson was indebted to them in the sum of thirty dollars, evidenced by her two promissory notes; that she indorsed the note sued on to appellants as collateral security to secure the payment of the thirty dollars, and for no other purpose; that after the indorse-

ment of the note sued on, Jan'y 1, 1879, Mrs. Thompson paid the two notes of thirty dollars, and they were delivered up to her, and that thereby Mrs. Thompson became the owner of the note sued on; and that after that time the appellees paid to Mrs. S. Thompson the amount of the note sued on in full, in satisfaction and discharge, and that she accepted the same

In addition to the above facts set out in the second plea, the third plea avers that on the day of the date of the note sued on it was indorsed by the payee to her, and delivered to appellants as custodian of Mrs. Thompson, and then the note was indorsed and delivered to appellants to secure the payment of the thirty dollars, in manner stated in the second plea.

The appellants replied to the second and third pleas, taking issue and concluding to the country on all the material averments in the two pleas.

The evidence in the case shows that John Thompson paid Mrs. S. Thompson the note in full and took her receipt therefor April 19, 1879, against the note, which was then in the hands of appellants, which was known to John Thompson at the time, and also known to him that they were claiming some interest in it. It also appears quite clearly that the money for which the note sued on was given was the money of Mrs. Thompson, and not her husband's, and that it was in appellants' bank on deposit; also, after the making of the note, David Thompson indorsed the note to his wife, and that Mrs. S. Thompson indorsed the note to the appellants.

The appellants assign for error the giving of the appellee's second instruction, as follows: " Unless the jury believe from the evidence that not only plaintiffs, but Mrs. Thompson, agreed and contracted with plaintiff that the note herein sued on was indorsed by Mrs. Thompson and by her left in the possession of plaintiffs, as a collateral for the note of D. & John Thompson of $444, they will find for the defendants."

We think the error is well assigned. The plea of the appellees was that the note was deposited by Mrs. Thompson with appellants as collateral security to secure the payment of her two notes for thirty dollars, due them, and " for no other purpose."

By these pleas the legal title of appellants in the note is admitted. Appellees took the burthen of proof upon themselves to show, by a preponderance of the evidence, the truth of their pleas. Mrs. Thompson's indorsement on the note sued on, and the possession of it by the appellants, and their introduction of it in evidence on the trial, gave them the right to recover the amount of the note, and this right would remain until overcome by the preponderance of all the evidence on the issues raised by the pleas, appellants' *prima facie* right not being disputed; and the burthen was on the appellees to produce this preponderance. Unless the evidence preponderated in their favor, and showed that Mrs. Thompson deposited the note with appellants as collateral security for thirty dollars, and no other purpose, then the appellants ought manifestly to recover.

The substance of the instruction is, that the jury must believe, from a preponderance of the evidence, that the note sued on was left with appellants as collateral security for the $444 note, and if such preponderance did not exist, they must find for appellees. The appellants having made out a *prima facie* case by the introduction of their note to the appellees, must show by a preponderance of the evidence that the note was not left as collateral for the $444 note of David and John Thompson. This is what they had undertaken to do by their pleas. If the evidence were equally balanced as to whether the note sued on was left with appellants as collateral for the $444, the jury should then find in favor of appellants, because the right of appellants to recover had not been overcome by the preponderance of the evidence. But if the evidence showed that the appellants had no other right to the note than as collateral for the $444, then the recovery would be confined to the latter note and interest, the balance having been paid by appellees to Mrs. Thompson, to whom it rightfully belonged.

The evidence upon the question as to whether the appellants held the note in suit as collateral for the $444 note, was conflicting; denied by appellees in the testimony of Mrs. Thompson, and sworn to by appellants in theirs. We can readily see that the point of law as to where the burthen of proof rested might determine the jury in their finding.

It is admitted by counsel for appellees that if the instruction had directed the jury "in regard to what appellants were bound to prove in the first instance before they could recover," it would have shifted the burthen of proof; but it is insisted that the instruction "does not in any manner refer to what it was essential appellants should prove before making out their case." The jury "are told appellants cannot recover unless they believe, from the whole evidence, that the note sued on was indorsed over to appellants for the purposes claimed" by them.

That is, the instruction was meant to refer to all the evidence —the note and all the oral evidence—and the jury should understand from the instruction, that considering the note and all the evidence given by witnesses together, the evidence must show a preponderance in favor of appellants on the question whether or not the note was left in their hands as collateral for the security of the $444 note. If this was the intention of the instruction, it was well calculated to mislead the jury. The legal title of the note was admitted in appellants by the second and third pleas, and when it was introduced in evidence to satisfy the general issue, then the appellants' right to recover was fixed. To defeat recovery, the burthen of proof was on appellees to prove their pleas, that the note was delivered to appellants for no other purpose than collateral security for the thirty dollar notes; that it was not indorsed as collateral for the $444 note, which would be another purpose. The instruction was erroneous and misleading. It does not matter that other correct instructions were given. We cannot see that the jury was not misled by this one, or that it did no harm. The evidence in the case was very conflicting, and the jury should have been properly instructed.

For these reasons the judgment is reversed and cause remanded.

<div style="text-align: right">Reversed and remanded.</div>